FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 09 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

MICHEAL LEDEE,

                Defendant.

----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CR-175 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The United States has charged Defendant Micheal Ledee with conspiracy to sexually exploit a child, sexual exploitation of a child, and receipt of child pornography. (See Superseding Indictment (Docket Entry # 35).) The United States alleges that Ledee instructed the mother of a minor, KO, to sexually abuse her daughter while Ledee watched via "webcam."[1] (See Redacted Gov't Mot. (Docket Entry # 42) at 1.) This Memorandum and Order explains the basis for the court's ruling in open court to close the courtroom to everyone who does not have a direct interest in this case during the trial testimony of one witness. (See Apr. 6, 2012 Hr'g Tr.) The Memorandum and Order also addresses the Government's motion in limine on evidentiary issues, to the extent that the motion was not resolved by the court's ruling in open court.[2] (See Gov't Mot. (Docket Entry # 40).)

---

[1] Pursuant to a stipulation agreed to by the parties, court documents in this case refer to the minor witness by her initials.

[2] Specifically, with regard to the Government's motion to admit two images of alleged child pornography under Federal Rule of Evidence 414 (see Gov't Mot. at 13-15), the court ruled in open court that one image was not admissible because the Government had not proffered sufficient evidence to allow the court to conclude that it was in Defendant's control, and the court reserved ruling on the other image until the Government presents testimony of an expert witness about Defendant's access to the image (see Apr. 6, 2012 Hr'g Tr).

1

## I. GOVERNMENT'S MOTION TO CLOSE THE COURTROOM

The Government has moved for an order closing the courtroom during the testimony of KO, a minor under the age of eighteen (18), pursuant to 18 U.S.C. § 3509(e). Ledee has consented to the closure in principle but has requested that his parents be allowed to observe KO's testimony. (Apr. 6, 2012 Hr'g Tr.) The court held a hearing in open court on the Government's motion, during which the court invited any member of the press or public concerned about the proposed closure to come forward and speak against it. None did, although an accredited member of the press was present in the courtroom. (Id.)

The statutory basis for a federal district court's power to close a courtroom during the testimony of a minor witness is 18 U.S.C. § 3509(e), which permits closure where the district court has found that "requiring the [minor witness] to testify in open would cause substantial psychological harm to the child or would result in the [witness's] inability to effectively communicate." Id. The constitutionality of a courtroom closure is evaluated under the standards set forth by Waller v. Georgia, 467 U.S. 37, 48 (1984). Waller requires that "the party seeking to close the hearing [ ] advance an overriding interest that is likely to be prejudiced, the closure [ ] be no broader than necessary to protect that interest, the trial court [ ] consider reasonable alternatives to closing the proceeding, and [the trial court] make findings adequate to support the closure." Id.

The court first considers the evidence that supports the Government's motion. The Government offers an affidavit from KO's father and guardian, who states that KO is very reticent to speak about her victimization. (Redacted Aff. (Docket Entry # 42-1) ¶ 5.) Her father states that KO has experienced trauma from press reporting on her abuse in the past. (Id. ¶ 11.) He also states that KO has told him and the Government that she does not want the press or the

public in the courtroom while she testifies. (Id. ¶¶ 7-9.) The father concludes that he believes that KO will not be able to communicate effectively if the courtroom is open during her testimony. (Id. ¶ 13.) The court surmises that many parents would want to shield their children from public or press scrutiny if their children had to testify, and the court does not wish to suggest that each time a parent asks for a courtroom closure, a court will grant the requested relief. However, in the instant case, KO's father's evaluation is based on specific instances he has observed, and the effect press coverage has had on KO in the past, rather than a generalized or projected fear or discomfort. Given the specific nature of the affiant's observations, the court credits his evaluation of KO's ability to testify effectively. The court therefore finds that KO will not be able to testify effectively in an open courtroom.

The Government advances the interest of securing KO's effective communication for the trial. (Redacted Gov't Mot. at 3.) The court agrees that uninhibited testimony is an overriding interest, given that it affects not just the Government's ability to prove its case, but also Ledee's interest in being able to confront and cross-examine his accuser, KO's interest in seeing the judicial system consider her allegations, and ultimately the public's interest in a trial outcome that is based on all available evidence. The court concludes that the uninhibited testimony of a witness is an overriding interest and, given the court's finding that KO will not be able to testify effectively in an open courtroom, the court further concludes that this interest is likely to be prejudiced unless the courtroom is closed.

The court next considers the nature of the remedy—whether the requested closure is no broader than necessary to protect this interest. The breadth of a closure is judged by 1) its duration; 2) whether the public can learn through transcripts or otherwise what occurred in the closed period; 3) whether the evidence presented was essential or cumulative; and 4) whether

selected members were barred or the public generally. Bowden v. Keane, 237 F.3d 125, 129-30 (2d Cir. 2001). The Government asks that the courtroom be closed only for the duration of KO's testimony and does not object to the transcript of her testimony being publicly available (with KO identified by her initials rather than her full name). (See Apr. 6, 2012 Hr'g Tr.) Further, KO's mother is likely to testify in the trial, and KO's testimony is likely to be mostly cumulative of her mother's. The only aspect of the Government's request that could be considered "broad" is its request for a complete closure, which would exclude Ledee's parents as well as other members of the public. Nonetheless, the court concludes that the terms of KO's father's affidavit are broad enough to suggest that any member of the public who is present will have an adverse impact on KO's ability to communicate effectively (see Redacted Aff. ¶ 13); logically, this would be just as true for Mr. Ledee's parents as any other member of the public. Moreover, the Government proffered that KO's father opposed the presence of Ledee's parents. (See Apr. 6, 2012 Hr'g Tr.) These facts justify the breadth of the order, i.e., the exclusion of Ledee's parents as part of the general public. The court therefore concludes that the requested relief is as narrow as possible to protect the interest in unimpeded testimony.

The parties have not advised the court of any reasonable alternatives to the courtroom closure, and the court is not aware of any. Therefore, the court orders that the courtroom be closed to all individuals who do not have a direct interest or role in the case during KO's testimony.

## II. THE GOVERNMENT'S MOTION IN LIMINE

The court considers two types of evidence that the Government has moved to introduce against Ledee in its motion in limine: statements Ledee made to Government agents in which he described communicating over the internet with individuals he believed were minors, which the

Government believes are admissible under Federal Rule of Evidence 404(b) (Gov't Mot. at 15-18); and images recovered from Defendant's computer and cell phone which the Government alleges are pictures of Defendant's penis as rebuttal evidence should Defendant argue that he only engaged in a fantasy chat with KO's mother (Id. at 18-19).

The Government argues that Ledee's statements that he chatted with other individuals he believed be minors for sexual purposes should be admitted under Rule 404(b) to show motive, knowledge and intent, and absence of mistake. (Id. at 16-18.) Ledee opposes the Government's motion, arguing that the Government offers the evidence for character propensity purposes (Def. Opp'n (Docket Entry # 49) at 3-4), and that the evidence as offered is only uncorroborated confession, without any supporting evidence, and therefore is inadmissible under the corroboration rule (id. at 5). See United States v. Irving, 452 F.3d 110, 118 (2d Cir. 2006).

Mindful of the Second Circuit's "inclusionary approach" to Rule 404(b) evidence, United States v. Garcia, 291 F.3d 127, 136 (2d Cir. 2002), the court accepts two of the Government's proposed purposes in offering this evidence: absence of mistake and motive. Evidence that Ledee had sought out minors for sexual purposes may reduce the likelihood that Ledee mistook the interaction with KO and her mother as one that involved adult women exclusively. Moreover, the same set of statements provides evidence of motive for engaging in the chat and webcam session with KO's mother on the part of Defendant—sexual gratification. Therefore, the evidence is not excluded under Rule 404(b). Nor should it be excluded under Rule 403 as substantially more prejudicial than probative: as the evidence does not involve conduct more "sensational or disturbing" than the conduct alleged in the Indictment, United States v. Pitre, 960 F.2d 1112, 1118 (2d Cir. 1992), it is not more prejudicial than the evidence of the charged offense itself.

Finally, the court believes that evidence that Defendant contacted the individuals he named in his statement through Yahoo! Messenger as evidence sufficient to satisfy the corpus delicti rule. Therefore, only statements about individuals whose screen names are found in Defendant's Yahoo! Messenger records will be admissible. Moreover, the Government must provide a copy of the statements before it seeks to admit them, so that the court may determine how much of these statements should be admitted for these limited purposes. The court will also instruct the jury on the limited use to which this evidence can be put.

The Government has also moved to admit images that it alleges are of Defendant's penis, recovered from his computer and cell phone. The Government frames this evidence as rebuttal evidence if, for example, Ledee argues that he engaged in fantasy chats with KO's mother and did not actually send to or receive any images from her. (Gov't Mot. at 18-19.) Ledee opposes admitting this evidence, arguing that the relevance of it to the charged offenses is unclear. (Def. Opp. at 5.) Ledee notes further that nothing in the Government's theory of the case relates to the use of a cell phone to send images of himself. (Id.)

The court accepts in principle that this evidence may be relevant as rebuttal evidence, if Ledee does raise the argument that he communicated with KO's mother in fantasy chats, without actually sending her images of himself, or if he otherwise argues that he could not have exposed himself to KO and her mother through his computer. The Government may request to admit these images if Ledee raises such arguments. However, the court believes that admitting multiple images of Defendant's penis would be cumulative and unnecessary; therefore, even if the Government is able to offer these images as rebuttal evidence, it must offer no more than three of them. Moreover, the court agrees that Defendant's use of his cell phone is not implicated in this case, and so any image seized from it is not admissible.

6

## III. CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion to close the courtroom for KO's testimony and GRANTS the Government's motion in limine in part, subject to the limits set forth above.

SO ORDERED.

Dated: Brooklyn, New York
April 9, 2012

S/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge