UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

MICHEAL LEDEE

Defendant.

**MEMORANDUM & ORDER**

**11-CR-175 (NGG)**
**16-CV-1379 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Micheal Ledee brings this *pro se* petition for a writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* Motion to Vacate ("Mot.") (Dkts. 88, 98-1).)[1] Ledee argues that he is entitled to relief because his counsel was ineffective and the court's sentence was unreasonable. (*See generally id.*) The government submitted an opposition to Ledee's petition. (*See* Memorandum in Opposition ("Gov't Opp.") (Dkt. 102).) For the following reasons, the Petition is DENIED.

## I.   BACKGROUND

Ledee was indicted and convicted for his role in the sexual abuse of a child. On May 24, 2010, Ledee directed a woman to sexually abuse her eight-year-old daughter over webcam and watched as she did so. After a three day trial, a jury found Ledee guilty on three counts: (1) conspiracy to sexually exploit a child, in violation of 18 U.S.C. § 2251(a), (e); (2) sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a); and (3) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). (*See* Jury Verdict (Dkt. 71); Judgment (Dkt. 82).) On May 31, 2013, the court sentenced Ledee to 325 months in custody on Counts

---

[1] Docket references are to filings in Ledee's criminal docket, No. 11-cr-175, rather than the civil docket for his habeas petition, No. 16-cv-1379.

One and Two and 240 months on Count Three, to run concurrently. (*See* Judgment at 2.) The Second Circuit affirmed Ledee's conviction on November 26, 2014. *United States v. Ledee*, 762 F.3d 224, 226 (2d Cir. 2014). The Supreme Court denied certiorari on March 26, 2015. *Ledee v. United States*, 575 U.S. 924 (2015).

On March 21, 2016, Ledee's parents filed a motion to vacate Ledee's sentence under 28 U.S.C. § 2255 on Ledee's behalf. (*See* Mot. at ECF 12.) The court found that it lacked jurisdiction to consider a petition filed by Ledee's parents on Ledee's behalf. (*See* March 16, 2017 Order (Dkt. 97).) Ledee subsequently submitted the habeas petition filed by his parents as his own petition. (*See* March 21, 2017 Letter (Dkt. 98).) The court adopted Ledee's parents' petition as Ledee's operative habeas petition and equitably tolled Ledee's time to submit the petition. (*See* April 14, 2017 Order (Dkt. 99).)[2] The government filed its opposition on August 7, 2017. (*See* Mem. in Opp. ("Gov't Opp.") (Dkt. 102).)

## II.  LEGAL STANDARD

Section 2255 allows prisoners in federal custody to move to vacate, set aside or correct sentences that are imposed in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Because of society's interest in finality of criminal convictions, prisoners seeking habeas relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).[3] Habeas relief is therefore an "extraordinary remedy"

---

[2] Within Ledee's motion to vacate is what the court construes as a motion to appoint counsel. (*See* Mot. at ECF 12.) Because Ledee's arguments do not have merit, the court finds that the interests of justice do not require appointment of counsel, *see* 18 U.S.C. §3006A(a)(2)(B), and denies Ledee's request.

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

that is "not a remedy for an appeal such that it can used to challenge the sufficiency of the evidence." *United States v. Simmons*, No. 17-cr-785 (NSR), 2023 WL 4625008, at *1-2 (S.D.N.Y. July 18, 2023).

## III.  DISCUSSION

Ledee challenges his conviction based on ineffective assistance of counsel on four grounds. First, Ledee argues that his trial counsel, Michael Schneider, was ineffective because he did not communicate the government's plea offer to Ledee. (*See* Mot. at ECF 13.) Second, Schneider did not move to suppress the evidence from a search of Ledee's home that occurred prior to the time designated in the search warrant. (*See id.* at ECF 14.) Third, Schneider was ineffective for not arguing more forcefully for a lower sentence. (*See id.* at ECF 24.) Finally, Ledee's appellate counsel, Barry Leiwant and David Lewis, were ineffective because they did not discuss the case with him. (*See id.* at ECF 41.) Ledee fails to satisfy the requirements for demonstrating ineffective assistance of counsel on any of these four grounds.

The Supreme Court laid out a two-part test for determining whether a defendant's Sixth Amendment right to effective assistance of counsel has been violated in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail, the defendant must show both (1) that the representation "fell below an objective standard of reasonableness under prevailing professional norms," and (2) that the deficient performance prejudiced the defendant. *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 687-88). In assessing the objective standard of reasonableness, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and "counsel must have wide latitude in making tactical decisions." *Henry*, 409 F.3d at 63. For ineffective assistance to cause prejudice, "the

3

question to be asked . . . is whether there is a reasonable proba-
bility that, absent the errors, the factfinder would have had a
reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.
"[A] verdict or conclusion only weakly supported by the record
is more likely to have been affected by errors than one with over-
whelming record support." *Id.* at 695.

### A. Plea Agreement

Ledee argues that his trial counsel's conduct fell below the objec-
tive standard of reasonableness because his counsel failed to
inform Ledee of a plea agreement that the government made. To
show prejudice in this context, Ledee must demonstrate:

> [(1)] that but for the ineffective advice of counsel
> there is a reasonable probability that the plea offer
> would have been presented to the court (i.e., that
> the defendant would have accepted the plea and
> the prosecution would not have withdrawn it in
> light of intervening circumstances), [(2)] that the
> court would have accepted its terms, and [(3)]
> that the conviction or sentence, or both, under the
> offer's terms would have been less severe than un-
> der the judgment and sentence that in fact were
> imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Ledee is unable to
make this showing for either prong.

Ledee's trial counsel, Federal Defender Michael Schneider at-
tested that he discussed the plea agreement with Ledee. (Decl. of
Michael Schneider ("Schneider Decl.") (Dkt. 102-3) ¶¶ 6, 9-11.)
The government further points to the record where the parties
discussed the plea agreement in open court. (*See* Transcript of
August 25, 2011 Status Conference (Dkt. 102-4).) Schneider rec-
ommended rejecting the plea agreement and pleading instead to
the indictment because the plea agreement had the same man-
datory minimum sentence of 15 years but would have required

Ledee to waive his right to appeal. (*See* Schneider Decl. ¶ 6.) Schneider attempted to negotiate a plea based on a lesser charge that would have had a five year mandatory minimum sentence because the conduct did not involve physical contact with a minor and so was "outside the heartland of the statutory offense," but the government would not consider allowing Mr. Ledee to plea to anything other than the offense with the 15-year mandatory minimum sentence. (*Id.* ¶¶ 4, 8, 10.) Because the mandatory minimum sentence for conspiracy to sexually exploit a child was fifteen years, Schneider advised Ledee that the sentence imposed after either entering a plea of guilty or jury verdict of guilty would be highly uncertain and would be at minimum 15 years. (*Id.* ¶ 10.) The court does not find that Schneider's legal assistance fell below the objective standard of reasonableness—he provided reasonable advice to his client in a highly uncertain context in which he had little leverage given the facts of the case.

Ledee is also unable to show that he would have been prejudiced if not shown the plea agreement. Schneider states that Ledee repeatedly expressed that his conduct did not warrant a mandatory minimum sentence of 15 years and Schneider therefore did not believe he would have been able to persuade Ledee to agree to any plea including this mandatory minimum. (*Id.* ¶ 14.) And given the terms of the plea agreement, there is no indication that Ledee would have received a lower sentence. Even after the victim testified in person during Ledee's trial, Ledee expressed no remorse for his conduct. (Gov't Opp. at 17 (citing Sentencing Transcript).) There is no indication that Mr. Ledee had any interest in accepting responsibility for his conduct, either by admitting to his crimes or otherwise. Ledee is therefore unable to show prejudice by the allegedly ineffective assistance.

### B.  Search Warrant

Ledee next argues that federal law enforcement searched his home five to ten minutes before the time on the warrant, and

that his trial counsel was ineffective for not moving to suppress the evidence seized in the search. This argument fails because Schneider reasonably determined that there was no meritorious basis for objecting to the search. Counsel is not ineffective for failing to raise frivolous claims. *See, e.g., Reyes v. Harold*, No. 17-cv-2881 (KPF), 2022 WL 842969, at *27 (S.D.N.Y. Mar. 22, 2022).

Ledee's parents submit letters asserting that the search happened before 6 a.m. (*See* Mot. at ECF 20-23.) The FBI agent testified at trial, however, that it occurred at 6 a.m. (Gov't Opp. at 25-26.) After assessing these facts, Schneider made a strategic choice not to challenge the timing of the search. "Reasonable strategic choices by counsel after an appropriate investigation of the facts and law are virtually unchallengeable." *Hamilton v. Lee*, 94 F. Supp. 3d 460, 477 (E.D.N.Y. 2015) (citing *Strickland*, 466 U.S. at 690–91).

Further, Ledee is unable to show prejudice from failure to suppress the fruits of the search of his home. The FBI obtained evidence from the computer of the victim's mother prior to the search of Ledee's home that linked Ledee to video sessions in which Ledee directed the victim's mother to abuse the victim. *See United States v. Ledee*, 762 F.3d 224, 227 (2d Cir. 2014). And the victim testified in court about her mother's abuse during the webcam sessions. *Id.* at 227-228. Because there was sufficient evidence for a reasonable jury to find Ledee guilty even without the fruits of the search of Ledee's home, he is unable to show prejudice from his trial counsel's failure to object.

### C.  Sentencing

Ledee next challenges the sentence he received as "clearly unreasonable" as the court did not "explain in detail his reasoning for issuing the sentence in compliance with the law." (Mot. at ECF

24.) He faults the court for not taking into consideration a psychiatric expert's conclusion that Ledee is not a pedophile and is therefore not a danger to the community. (*Id.*)

However, Ledee's trial counsel, Michael Schneider, argued that the psychiatric report demonstrated that Ledee was not a danger to the community during sentencing. (*See* Sentencing Transcript (Dkt. 104) at 8:5-11:23.) Petitioner argues that Schneider was ineffective because he did not argue these points "more forcefully." (Mot. at ECF 24.)   Schneider described how two psychiatric experts determined that Ledee was not a pedophile and therefore not a risk to the community in the future. (*See* Sentencing Transcript at 8:20-9:17.) The government countered that there was evidence that Ledee repeatedly spoke with underage girls via chats and set up his computer to not save the chat logs. (*See id.* at 12:22-13:15.) Presented with conflicting evidence, the court placed more weight on Ledee's admitted conduct than the psychiatric expert's findings. The court finds that Ledee's counsel was not ineffective at sentencing.

Further, the court rejects Ledee's argument that the sentence should be vacated because it was unreasonable. Ledee appealed his sentence to the Second Circuit and did not challenge his sentencing on direct appeal. *See United States v. Ledee,* 762 F.3d 224 (2d Cir. 2014). He has therefore waived this argument. *See Massaro v. United States,* 538 U.S. 500, 504 (2003).

To be sure, Ledee also argues that his appellate counsel was ineffective, and so he cannot be faulted for failing to raise the argument on appeal. But Ledee is unable to show that his appellate counsel's failure to challenge the basis for the sentencing was objectively unreasonable and prejudiced him because the court could not be found to have abused its discretion in sentencing Ledee. *See United States v. Delacruz,* 862 F.3d 163, 178-79 (2d Cir. 2017) (citing *Gall v. United States,* 552 U.S. 38, 51 (2007)).

The Sentencing Guidelines range for Ledee's conduct was be-
tween 292 and 365 months. (*See* Sentencing Transcript at 5:6-
8.) The court sentenced Ledee to 325 months. (*See id.* at 24:24-
25:4.) To support this sentence, the court read into the record
the statement of Ledee's forensic psychiatrist that Ledee was not
a pedophile that would pose a future risk. (*Id.* at 23:5-16.) The
court then balanced this assessment with other relevant sentenc-
ing factors that included the importance of future deterrence and
protection of future victims. (*Id.* at 23:17-24:20.) The court also
discounted the psychiatrist's report that Ledee did not pose a fu-
ture risk because Ledee's own statements and conduct
demonstrated that Ledee was a repeat offender, even if he did
not have a criminal history. (*See id.* at 23:17-19, 24:3-12.) Any
argument that Ledee's appellate counsel would have made re-
garding Ledee's sentencing would have therefore been meritless,
and so Ledee's ineffective assistance of appellate counsel claim
regarding his sentencing fails.

### D.   Appellate Counsel

Finally, Ledee argues that his appellate counsel was ineffective
because the counsel "never once truly discussed this case with
Petitioner." (Mot. at ECF 41.) According to Ledee, the "only per-
son privy to some information about this [case] is the Petitioner,"
and if Ledee had a chance to see the appellate brief, counsel
could have raised viable issues that would have resulted in rever-
sal. (*See id.*)

Ledee raises no specific arguments about what appellate counsel
missed or what viable issues Ledee could have helped his appel-
late counsel raise on appeal. Without providing any specific
details about what arguments appellate counsel would have
raised if he had consulted with Ledee, Ledee is unable to show
that he was prejudiced by the lack of consultation. *Cf. Erbo v.
United States*, No. 08-cv-2881 (HB), 2009 WL 2460998, at *4
(S.D.N.Y. Aug. 12, 2009) (dismissing ineffective assistance of

counsel claim when petitioner did not identify specific testimony that a witness that counsel did not call would have provided.)

Appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Counsel is expected to winnow out the weaker arguments and focus their appeal on the strongest issues. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The issue raised on Ledee's appeal—that his Sixth Amendment right to a public trial was violated by a brief closing of the courtroom during the victim's testimony—was well-reasoned and robust enough to warrant a fourteen-page dissent from Circuit Judge Pooler. *Ledee*, 762 F.3d at 231 (Pooler, J., dissenting); *see also Fore v. Ercole*, 594 F. Supp. 2d. 281, 303-04 (E.D.N.Y. 2009) (appellate counsel's performance not deficient where brief featured strong legal arguments and stressed points deemed most likely to succeed). In challenging this appellate strategy, Ledee fails to identify any issues that his appellate counsel neglected or ignored. Instead, he alleges only that counsel failed to confer with him, "which is legally insufficient in the absence of some showing of prejudice resulting from this lack of communication." *Whidbee v. United States*, No. 09-cv-780 (CPS), 2009 WL 2242341, at *5 (E.D.N.Y. July 27, 2009). Because Ledee does not offer a single issue or claim that his appellate counsel failed to raise, the court must presume that his appellate counsel's conduct was sufficient to satisfy the Sixth Amendment's guarantee of the right to counsel. *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004) (habeas petitioner bears the burden of establishing deficient performance). Ledee's claim therefore fails.

## IV. CONCLUSION

For the foregoing reasons, Ledee's petition is DENIED. Petitioner has not made a substantial showing of the violation of a constitutional right, therefore no certificate of appealability shall issue.

9

The Clerk of Court is respectfully directed to enter judgment and
close this case and the related civil case, No. 16-cv-1379, and to
mail a copy of this memorandum and order to Ledee at his last
known address.

SO ORDERED.


Dated:    Brooklyn, New York
          February 6, 2024

                                    s/NICHOLAS G. GARAUFIS
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge